**UNITED STATES of America,**
**Plaintiff,**

**v.**

**The BALTIMORE AND OHIO RAIL-**
**ROAD COMPANY, Defendant.**

**Civ. A. No. 70–436.**

United States District Court,
W. D. Pennsylvania.

June 28, 1971.

J. Thomas Furphy, Federal Railroad Administration, U. S. Dept. of Transportation, Washington, D. C., Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for plaintiff.

E. V. Buckley, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge.

In this civil non-jury proceeding jurisdiction has been invoked pursuant to the Hours of Service Act, 45 U.S.C.A. §§ 61(a)–64b.

Reduced to its most simple expression, the United States contends that the defendant, Baltimore and Ohio Railroad Company, violated the provisions of said law by requiring and permitting three telegraphic operators to remain on duty for more than nine hours in a twenty-four hour period. The violation results from requiring three employees to attend a 4½ hours training session from 6:00 P.M. to 10:30 P.M. immediately preceding their regular work shift commencing at 7:00 A.M. the next morning and lasting until 3:00 P.M. that afternoon.

The Court has conducted a full and complete hearing, considered the Stipulation of Facts, arguments of counsel, and the authorities cited in briefs.

 Statutes, such as the one here involved, are for the public safety and must be liberally construed in order to subserve, rather than defeat, the most important purposes of the law. In this case, the purpose is to promote safety in train operation and to avoid the possibility that any employee engaged in this type of service could be subjected to undue mental and physical strain.

Unquestionably, each of these employees was required to be "on duty" relative to the operation of the railroad and if they had not obeyed the written directive issued to them by the defendant regarding the instruction and training session that was given, each would have been subjected to some type of disciplinary action.

 This is a statute commonly known as a malum prohibitum statute.

The Government is required to show only that the Railroad offender required or permitted employees, whose duties entailed supervising the safety of the railroad through telegraphic dispatches, to be or remain on duty for a longer period than nine hours in any twenty-four hour period. The Government has met its burden by showing that the training sessions took place as indicated above.

Admittedly, this is a highly technical violation. There is, however, nothing that the Court can do to correct any injustice that might devolve to the Railroad; the legislative branch, not the judicial branch, must provide the remedy. It is certainly the type of proceeding that requires the imposition of the lowest penalty that is permitted under the Act. The Court, therefore, concludes that the time spent by each of the employees attending the rules classes that was required by the written order of the Railroad constituted duty time as that term is used in the Hours of Service Act and the period of time that each employee worked the succeeding day constituted a violation of the Act of Congress under which this proceeding was instituted. Jopek v. New York Central R. R., 353 F.2d 778 (3d Cir. 1965).

As specifically permitted by Federal Rule of Civil Procedure 52(a), Findings of Fact and Conclusions of Law are not separately stated, but are contained in the body of this Opinion.

An appropriate order is entered.

## ORDER

And now, this 28th day of June, 1971, judgment is hereby entered in favor of the United States of America, plaintiff, and against the defendant, Baltimore and Ohio Railroad Company, in the amount of $200.00 as to each of the causes of action or a total judgment of $600.00 and costs.